GARY M. RESTAINO
United States Attorney
District of Arizona

MATTHEW WILLIAMS
Assistant U.S. Attorney
Arizona State Bar No. 029059
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: matthew.williams3@usdoj.gov

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

MATTHEW TURNELL
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue NW
Washington, D.C. 20530
Telephone: 202-839-7668
Email: matthew.turnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>1. Alexandra Gehrke, a/k/a "Lexie" Gehrke<br>2. Jeffrey King,<br><br>Defendants. | CR-24-01040-PHX-ROS<br><br>**GOVERNMENT'S UNOPPOSED MOTION FOR ENTRY OF A DISCOVERY PROTOCOL GOVERNING THE PRODUCTION OF POTENTIALLY PROTECTED MATERIAL** |

The United States of America, by and through its assigned Filter Team,[1] respectfully files this unopposed motion requesting entry of a protocol (the "proposed Discovery Protocol") to govern the process of privilege assertions and, where appropriate, discovery productions, of materials the Filter Team has identified as potentially subject to claims of privilege by defendants Alexandra Gehrke and Jeffrey King (collectively, "Defendants") and/or certain third parties. The United States requests entry of the proposed Discovery Protocol, attached as the proposed order to this motion, to allow it to fulfill its discovery obligations to Defendants while respecting Defendants' and third-party claimants' potential privileges and to facilitate resolution of any privilege disputes that may arise.

## I. Factual Background

On June 18, 2024, Defendants were indicted for conspiracy to commit health care fraud and wire fraud (18 U.S.C. § 1349), health care fraud (18 U.S.C. §§ 1347 and 2), conspiracy to defraud the United States and to pay and receive kickbacks (18 U.S.C. § 371), solicitation and receipt of kickbacks (42 U.S.C. §§ 1320a-7b(b) and 18 U.S.C. § 2), and transactional money laundering (18 U.S.C. §§ 1957 and 2). [ECF No. 6.]

Throughout its investigation, the Government has executed several search warrants for email accounts, electronic devices, and physical premises. Because the prosecution team for this matter ("Prosecution Team") believed certain seized material could contain

[1] The Filter Team in this case consists of Trial Attorney Matthew Turnell of the Special Matters Unit in the U.S. Department of Justice, Criminal Division's Fraud Section. The Filter Team has a separate reporting and supervisory chain from the Prosecution Team in this case and is supported by paralegals and other professional staff who are not part of the Prosecution Team.

potentially protected material,[2] the Government assigned the Filter Team to identify PPM and segregate it from non-PPM material to be passed on to the Prosecution Team, so the Prosecution Team would not be exposed to potentially privileged communications. As anticipated, in its subsequent review of the warrant returns, the Filter Team identified certain material as PPM and withheld it from the Prosecution Team. The Prosecution Team does not have access to this PPM.

## II. <u>Discovery Protocol for Production of Discovery Material Potentially Subject to Privilege Claims</u>

To fulfill the Government's discovery obligations to Defendants, respect third-party claimants' asserted privileges, and resolve privilege disputes, the Government respectfully requests that the Court enter an order providing a procedure by which the Filter Team may provide material identified as PPM by the Filter Team to the potential privilege holder, obtain privilege assertions from the potential privilege holder, produce non-asserted material as discovery to the Defendants, and, possibly, litigate any privilege disputes.

The proposed Discovery Protocol permits the Filter Team to continue to identify and segregate PPM from the Prosecution Team, while releasing items that are not PPM to the Prosecution Team and Defendants now without further judicial intervention. Moreover, with regard to the identified PPM, the Discovery Protocol provides a practical

[2] "Potentially Protected Material" or "PPM" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

mechanism for the Government to notify potential privilege holders about PPM for which they may control the privilege, to obtain any privilege assertions from them, and to resolve any disputes about their privilege assertions via meet and confer with the parties or, if necessary, litigation.

Counsel for both Gehrke and King have indicated that they do not object to the proposed Discovery Protocol.

## III. Argument

The proposed Discovery Protocol is a fair and efficient mechanism for protecting the privileges of Defendants and third-party privilege holders, while allowing the Government to respect Defendants' discovery rights. As the Court is aware, the Government maintains substantial discovery obligations to all charged Defendants, *see, e.g.*, *United States v. Lucas*, 841 F.3d 796, 804-08 (9th Cir. 2016), but satisfying those discovery obligations while respecting the potential privilege claims of potential privilege holders over discoverable documents can be complex. Once the Government's discovery obligations have been triggered, the Government cannot unilaterally assert or waive any potential claims of privilege for a privilege holder. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) ("A party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication.") (citations and alterations omitted). Instead, courts grant third-party privilege holders a limited right to intervene in criminal proceedings to preserve their claim of attorney-client privilege in such circumstances. *See e.g.*, *United States v. Jesenik*, 2020 WL 7406541 (D. Or. Dec. 17, 2020) (granting, in

part, third-party motion to intervene in criminal case to secure return of privilege communications) (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017); *Perlman v. United States*, 247 U.S. 7 (1918)); *see also*, *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir. 1979) ("[I]t is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders, and if protection is denied, seek immediate appellate review."). Where discovery materials may be subject to claims of privilege, courts must carefully assess discovery obligations with due consideration to the rights of any potential privilege holders. *See United States v. Gonzalez*, 669 F.3d 974, 977 (9th Cir. 2012) (reversing district court's ruling that a defendant's "joint defense privilege must yield to . . . discovery needs").

The proposed Discovery Protocol seeks to create a clear procedure for satisfying these demands. Courts have discretion in regulating that discovery through their inherent authority. *See* Fed. R. Crim. P. 16(d)(1), 57(b).

The proposed Discovery Protocol does not authorize the Government to adjudge whether specific material is privileged. *See* Fed. R. Evid. 501. Rather, it leaves adjudication of privilege claims to the Court. Nonetheless, the party asserting the privilege bears the burden of proof as to each element of the privilege, *see United States v. Ruehle*, 583 F.3d 600, 608-609 (9th Cir. 2009), and the proposed Discovery Protocol requires a potential privilege holder seeking to assert privilege to provide all the information regularly required in a privilege log to maintain a privilege assertion.

## IV. **Conclusion**

For the reasons set forth above, the Filter Team, on behalf of the United States, respectfully requests that this Court grant this unopposed request for authorization and entry of the proposed Discovery Protocol.

Respectfully submitted,

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: *<u>/s/ Matthew Turnell</u>*
MATTHEW TURNELL
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

Dated: September 10, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 10, 2024, I filed and served the foregoing document via the CM/ECF system with the Clerk of the Court and with counsel for Defendants Gehrke and King.

By: *<u>/s/ Matthew Turnell</u>*
MATTHEW TURNELL