Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
Admitted *Pro Hac Vice*
Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
O 404.406.4052 | F 866.819.7859
jlowther@lowtherwalker.com
www.lowtherwalker.com

Attorney for Defendant
Alexandra Gehrke

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 2:24-CR-001040-ROS-1 |
|---|---|
| Plaintiff, | **DEFENDANT ALEXANDRA GEHRKE'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT ALEXANDRA GEHRKE'S SENTENCING MEMORANDUM AND INCORPORATED MOTION FOR DOWNWARD VARIANCE** |
| v. | |
| Alexandra Gehrke, *et al.*, | |
| Defendants. | |

Ms. ALEXANDRA GEHRKE, pursuant to this Court's Order (ECF No. 156), respectfully supplements Defendant Alexandra Gehrke's Sentencing Memorandum and Incorporated Motion for Downward Variance (ECF No. 147).

**I.     Relevant Procedural History**

On October 24, 2024, Ms. Gehrke pled guilty to Count One of the Indictment (ECF No. 6), which charges her with conspiracy to commit health-care fraud and wire fraud in violation of 18 U.S.C. §§ 1349, 1347, and 1343. (Min. Entry, ECF No. 116; Plea Agreement, ECF No. 118.)  This Court initially scheduled the sentencing hearing for February 11, 2025 (Mins., ECF No. 116), but continued that sentencing hearing to August 12, 2025, at the parties' request (Joint Mot. to Cont. Sent'g, ECF No. 136; Order, ECF No. 137).

On August 4, 2025, Ms. Gehrke moved this Court for a downward variance. (Def.'s Sent'g Mem., ECF No. 147.)

On August 12, 2025, this Court directed the parties to submit supplemental briefs regarding Ms. Gehrke's motion for downward variance, and re-scheduled the sentencing hearing for September 24, 2025. (Mins., ECF No. 156.)

## II.     Argument and Citation of Authority

Ms. Gehrke moves this Court for a downward variance of 120 months, based on multiple factors in 18 U.S.C. § 3553(a)(2), including the nature and circumstances of the offense and her personal history and characteristics, specifically her mental health (Def.'s Sent'g Mem. 3–4, ECF No. 147) and substance-abuse issues (*id.* at 4–5); adequate deterrence (*id.* at 5); adequate protection of the public from her future criminal conduct (*id.* at 6–7); adequate reflection of the seriousness of the offense (*id.* at 7); promotion of respect for the law and provision of just punishment (*id.* at 8); and avoidance of unwarranted sentencing disparities (*id.* at 8–9).

The probation officer concurs with Mr. Gehrke's assertion that a downward variance is warranted, albeit to the lesser degree of fifty-four months. (PSR, Sent'g Recommendation 1, ECF No. 148.)  The probation officer bases that recommendation on Ms. Gehrke's having been "a bright, determined, motivated businesswoman" (*id.* at 2), who never "previously participated in [criminal] conduct within the medical sales business arena" (*id.*); the "non-violent" nature of the offense (*id.*); Mr. Gehrke's lack of criminal history (*id.*); this offense's being Ms. Gehrke's "first felony conviction" (*id.*); Ms. Gehrke's "moderate risk of re-offend[ing]" (*id.*); and the effect that the mental health and substance abuse issues from which she suffered—and continues to suffer in part—had on her decisional processes during the course of her criminal conduct, i.e., "Autism Spectrum Disorder (ASD); persistent depressive

disorder; attention deficit hyperactivity disorder, by history; alcohol use disorder, in remission; cocaine use disorder, in remission; and benzodiazepine use disorder, in remission" (*id.*).

Ms. Gehrke, for these reasons, submits that a downward variance is warranted.

### III. Conclusion

Ms. Gehrke, based on the foregoing assertions and argument, prays that this Court grant a downward variance of 120 months at sentencing.

Date:     August 26, 2025

Respectfully submitted,

*s/ Joshua Sabert Lowther*
Joshua Sabert Lowther, Esq.