TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JOSEPH F. BOZDECH
Assistant United States Attorney
California State Bar No. 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Joseph.Bozdech@usdoj.gov
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01040-ROS |
| Plaintiff, | **STIPULATION FOR COMPROMISE SETTLEMENT** |
| vs. | |
| 1.  Alexandra Gehrke, and | |
| 2.  Jeffrey King, | |
| Defendants. | |
| Joan Gehrke, | |
| Petitioner. | |

Plaintiff United States of America and Petitioner Joan Gehrke (collectively, "the Parties") hereby stipulate to resolve the issues regarding Petitioner's interest in the following property identified in the Orders of Forfeiture in this matter (Docs. 172 and 187):

- Item 27: 18k yellow gold Gold-Plated Double C Cartier 468122 Lighter (appraised value $800);
- Item 29: 14k yellow gold Tanzanite and diamond ring set (appraised value $1500);

- Item 30: 15k white gold diamond ring set with 16 straight baguette cut diamonds (appraised value $280);
- Item 31: Platinum diamond ring set with six 1.7mm round brilliant cut diamonds (appraised value $300);
- Item 32: 14k yellow gold diamond ring set with center oval cut diamond (appraised value $825);
- Item 33: Costume jewelry necklace set with oval cut citrine (appraised value $225);
- Item 34: 14k yellow gold amethyst necklace set with center oval cut amethyst (appraised value $550);
- Item 35: 14k Garnet pendant hung on a 16-inch amethyst bead necklace (appraised value $650);
- Item 36: 18k yellow gold Tiffany & Co. Elsa Peretti Starfish necklace (appraised value $2,450);
- Item 37: 18k yellow gold Paloma Picasso Scribble style pendant on 16-inch chain (appraised value $750);
- Item 38: 18k yellow gold Elsa Peretti Tiffany & Co. Seahorse necklace (appraised value $2,500);
- Item 39: 14k two-tone diamond necklace set with 72 round brilliant cut diamonds (appraised value $1,650);
- Item 82: Cartier 18k White Panthere style necklace (appraised value $20,000);
- Item 100: Three Louis Vuitton Monogram Eclipse Dopp Kit Toiletry Pouch bags (appraised value $2,520);
- Item 101: Louis Vuitton Monogram Eclipse District PM Messenger Set bag (appraised value $1,180);
- Item 111: Louis Vuitton The Neverfull GM Tote Removable with pouch (appraised value $325);

- Item 112: Louis Vuitton Black Monogram Empriente Leather Felicie Pochette (appraised value $680); and
- Item 114: $367,150.00 in cash (collectively, the "Subject Property").

As the result of communication between counsel for Petitioner and the United States, and considering the nature of the legal and factual issues involved, the amount in controversy, the expense of litigation, and length of time involved in the potential litigation, the Parties agree to settle and compromise regarding the Subject Property upon the following terms.

## TERMS OF AGREEMENT

1. The Parties stipulate and agree that certain Items of the Subject Property, to wit, Items 29-39, shall be released to Petitioner, subject only to the following terms and conditions.

2. Petitioner states there are no other parties or persons who would have a superior claim to the ownership of the Subject Property who should have received notice of the Administrative Notice of Forfeiture or who should have been served with a copy of the Order of Forfeiture in this action.

3. Petitioner agrees to accept personally, or as released to their attorney above, Items 29-39 in full and complete satisfaction of all claims by Petitioner. Each party shall pay its own costs and attorney's fees.

4. Petitioner agrees to release and withdraw her claims as to the remaining items constituting the Subject Property, and consents to forfeiture of those items by the United States.

5. Petitioner also agrees that her interest, if any, in the rest of the property listed in the Orders of Forfeiture (Docs. 172 and 187) shall be forfeited to the United States.

6. Pursuant to the terms of 28 U.S.C. § 2465, Petitioner agrees there was reasonable cause to seize the Subject Property on the part of the agents investigating the circumstances described in the affidavits at the time of the seizure of the Subject

3

Property, and that Petitioner has not substantially prevailed as that term is defined by statute as the result of this settlement agreement.

7. Petitioner releases and forever discharges the United States Department of Justice; the Federal Bureau of Investigation; the Department of Health and Human Services; and all officers, employees, contract employees, agents, and task force agents of the named law enforcement agencies from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Petitioner, their heirs, successors, or assigns ever had, now have, or may have in the future related to the seizure, detention, and forfeiture of the Subject Property.

8. Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support). If an offset is made to the payment to be made pursuant to this agreement, Petitioner will receive a notification from the Department of the Treasury at the last address provided by Petitioner to the governmental agency or entity to whom the offset payment is made. If Petitioner believes that the payment may be subject to an offset, Petitioner may contact the Treasury Department at 1.800.304.3107. The terms of this settlement do not affect any tax obligations fines, penalties, or any other monetary obligations Petitioner owes or may owe to the United States or an individual state, other than as identified in this document.

9. The Parties represent that they freely and voluntarily enter into this stipulation without any degree of duress or compulsion.

10. The Parties agree that the settlement is not an admission of criminal liability or responsibility on the part of Petitioner.

11. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Arizona. For purposes of construing this Agreement, the

Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12. This agreement constitutes the complete Agreement between Parties. The Agreement may not be amended except by written consent of the Parties.

13. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

RESPECTFULLY submitted this 6th day of February , 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*S/Joseph F. Bozdech*
JOSEPH F. BOZDECH
Assistant United States Attorney

*S/Andrea S. Tazioli*
Andrea S. Tazioli (#026621)
NCP Law, PLLC
3200 N. Central Avenue, Suite 2550
Phoenix, Arizona 85012
*Attorneys for Third-Party Petitioner Joan Gehrke*